FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 18 2019 ★
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JOSE ALFREDO MORALES,

           Plaintiff,

  -against-

MS. FLUDD (SHERIFF), NASSAU COUNTY
CORRECTIONAL CENTER, C.O. HOLT,
C.O. CARR, and JOHN DOE #1 (C.O.),

           Defendants.
----------------------------------X

MEMORANDUM AND ORDER
19-CV-1323(JS)(ARL)

APPEARANCES
For Plaintiff:    Jose Alfredo Morales, pro se
                  17-A-4782
                  Wende Correctional Facility
                  Wende Road
                  P.O. Box 1187
                  Alden, New York 14004-1187

For Defendants:  No appearances.

SEYBERT, District Judge:

        On March 6, 2019, incarcerated pro se plaintiff Jose Alfredo Morales ("Plaintiff") filed a Complaint in this Court pursuant to 42 U.S.C. § 1983 ("Section 1983") against Nassau County Sheriff Vera Fludd ("Sheriff Fludd"), the Nassau County Correctional Center (the "Jail"), two named corrections officers at the Jail, C.O. Holt and C.O. Carr, and an unidentified corrections officer identified as "John Doe" ("C.O. Doe" and collectively, "Defendants"). Plaintiff filed an application to proceed in forma pauperis with the Complaint. (See IFP Mot., Docket Entry 2.)

Upon review of the declaration in support of the application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fee. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED. However, for the reasons that follow, the Complaint is sua sponte DISMISSED, in part, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b).

BACKGROUND[1]

Plaintiff's brief handwritten Complaint is submitted on the Court's Section 1983 complaint form. In its entirety, Plaintiff alleges that:[2]

> (1st Incident) I was jumped by 5 inmates on 9/16/18 and the C.O.'s present only caught two people fighting me. I was taken to medical and had to receive 3 staples in my head. Afterwards I was placed on administrative segregation as a punishment for 4 months because I have an assault charge pending against a C.O. of N.C.C.C. The Sgt's and administration knew I got jumped and penalized me when I was the victim.
>
> (2nd Incident) I was released from Ad-Seq with

---

[1] All material allegations in the Complaint are presumed to be true for the purpose of this Order, see, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a pro se complaint for sua sponte dismissal, a court is required to accept the material allegations in the complaint as true).

[2] Excerpts from the Complaint are reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

> administration knowing I had problems in the B-Building. Gang intelligence knows as well. I was place on B4B in the B-Building and going back to my cell block from a visit on 1/7/19 one of the inmates that jumped me on 9/16/18 assaulted me again. C.O. John Doe #1 put me in a head lock and pulled on my neck very hard. C.O. Holt came back while I was face down and kicked me in the head. I got maced and didn't receive a shower until 28 hours later.
>
> (3rd incident) On 1/8/19 coming back from getting X-rays at medical for my neck injury. They were doing recreation movement for B3B and B3C. The C.O.s on B2 failed to acknowledge the rec movement via radio and unlocked the B stairway. I found myself getting assaulted by everyone in the staircase incl. 3 of my stay away/no contacts. The one that assaulted me on 1/7/19. *C.O. Carr maced me while getting assaulted.*

(Compl. ¶ II.) In the space on the form Complaint that calls for a description of any claimed injuries, Plaintiff alleges that he required staples to close a two inch gash, as well as pain to his neck, forehead, and lower back. (Compl. ¶ II.A.) As a result of the foregoing, Plaintiff seeks to recover a monetary award in the sum of $10 million. (Compl. ¶ III.) Plaintiff also seeks an injunction barring corrections officers from, inter alia, assaulting him. (Compl. ¶ III.)

## DISCUSSION

I. In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of the application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment

of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

II. Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. See id. § 1915A(b).

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (citation omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir.

4

2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

III. Section 1983

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must "allege that (1) the challenged conduct was attributable at least in part to a person acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States." Rae v. Cnty. of Suffolk, No. 07-CV-2138, 2010 WL 768720, at *4 (E.D.N.Y. Mar. 5, 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999).

A. Claims against Sheriff Fludd

In order to state a claim for relief under Section 1983 against an individual defendant, a plaintiff must allege the personal involvement of the defendant in the alleged constitutional deprivation. Farid v. Elle, 593 F.3d 233, 249 (2d Cir. 2010). The Supreme Court held in Iqbal that "[b]ecause

5

vicarious liability is inapplicable to . . . [section] 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676, 129 S. Ct. at 1948. A complaint based upon a violation under Section 1983 that does not allege the personal involvement of a defendant fails as a matter of law and should be dismissed. Johnson v. Barney, 360 F. App'x 199, 201 (2d Cir. 2010).

Here, although Plaintiff names Sheriff Fludd as a defendant in the caption of the Complaint, she is not again mentioned in the body of the Complaint. Wholly absent are any factual allegations of conduct or inaction attributable to Sheriff Fludd. Because the Complaint is devoid of any allegations sufficient to establish any personal involvement by Sheriff Fludd in the conduct of which Plaintiff complains, Plaintiff's Section 1983 claims against Sheriff Fludd are not plausible and are thus DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii); 1915A(b).

B. Claims against the Jail

It is well-established that "under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued." Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002);

see also Hawkins v. Nassau Cty. Corr. Fac., 781 F. Supp. 2d 107, 109 at n.1 (E.D.N.Y. 2011) (dismissing claims against Nassau County Jail because it is an "administrative arm[ ] . . . of the County of Nassau, and thus lacks the capacity to be sued as a separate entity") (internal quotation marks and citations omitted). Thus, Plaintiff's Section 1983 claims against the Jail are not plausible and are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii); 1915A(b).

Given Plaintiff's pro se status and affording his Complaint a liberal construction, the Court has considered whether Plaintiff has alleged a plausible Section 1983 claim against the municipality, Nassau County, and finds that he has not for the reasons that follow.

1. Claims as Construed against Nassau County

It is well-established that a municipality such as Nassau County cannot be held liable under § 1983 on a respondeat superior theory. See Monell v. Dep't of Soc. Servs. of N.Y.C., 436 U.S. 658, 691, 98 S. Ct. 2018, 2036, 56 L. Ed. 2d 611 (1978); Roe v. City of Waterbury, 542 F.3d 31, 36 (2d Cir. 2008). To prevail on a Section 1983 claim against a municipality, a plaintiff must show "that 'action pursuant to official municipal policy' caused the alleged constitutional injury." Cash v. Cty. of Erie, 654 F.3d 324, 333 (2d Cir. 2011) (quoting Connick v. Thompson, 563 U.S. 51, 60, 131 S. Ct. 1350, 1359, 179 L. Ed. 2d 417 (2011)); see

also Monell, 436 U.S. at 690-91. "[L]ocal governments . . . may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." Monell, 436 U.S. at 690-91 (internal citation omitted).

To establish the existence of a municipal policy or custom, the plaintiff must allege: (1) the existence of a formal policy which is officially endorsed by the municipality, see Connick, 131 S. Ct. at 1359; (2) actions taken or decisions made by municipal policymaking officials, i.e., officials with final decisionmaking authority, which caused the alleged violation of the plaintiff's civil rights, see Amnesty Am. v. Town of W. Hartford, 361 F.3d 113, 126 (2d Cir. 2004); Jeffes v. Barnes, 208 F.3d 49, 57 (2d Cir. 2000); (3) a practice "so persistent and widespread as to practically have the force of law," Connick, 131 S. Ct. at 1359; see also Green v. City of N.Y., 465 F.3d 65, 80 (2d Cir. 2006), or that "was so manifest as to imply the constructive acquiescence of senior policy-making officials," Patterson v. Cty. of Oneida, N.Y., 375 F.3d 206, 226 (2d Cir. 2004) (internal quotation marks and citations omitted); or (4) that "a policymaking official exhibit[ed] deliberate indifference to constitutional deprivations caused by subordinates." Cash, 654 F.3d at 334 (internal quotation marks and citations omitted); see

also Okin v. Vill. of Cornwall-on-Hudson Police Dep't, 577 F.3d 415, 439 (2d Cir. 2009) (A municipal custom may be found when "'faced with a pattern of misconduct, [the municipality] does nothing, compelling the conclusion that [it] has acquiesced in or tacitly authorized its subordinates' unlawful actions.'") (quoting Reynolds v. Giuliani, 506 F.3d 183, 192 (2d Cir. 2007) (second alteration in original)).

Here, even affording the pro se Complaint a liberal construction, there are no factual allegations from which the Court could reasonably construe a plausible Section 1983 cause of action against Nassau County. Accordingly, even as construed against Nassau County, the Complaint does not allege a plausible Section 1983 claim.

C. Claims against C.O. Holt, C.O. Carr, and C.O. Doe

Though thin, Plaintiff's claims against C.O. Holt, C.O. Carr, and C.O. Doe shall proceed. Accordingly, the Court ORDERS service of the Summonses and Complaint by the United States Marshal Service ("USMS") upon these Defendants forthwith.

However, the USMS will not be able to serve C.O. Doe without more information. The Second Circuit has held that district courts must provide pro se litigants with reasonable assistance in investigating the identity of such "John Doe" defendants. See Valentin v. Dinkins, 121 F.3d 72, 75-76 (2d Cir. 1997). Accordingly, the Court ORDERS that the Clerk of the Court

serve a copy of the Complaint together with this Order on the Nassau County Attorney. The Nassau County Attorney's Office is requested to attempt to ascertain the full name of the Defendant, who is alleged to be employed by Nassau County and who is alleged to have interacted with Plaintiff as described in the Complaint. The Nassau County Attorney's Office shall provide the Court and Plaintiff with the name and address where this individual can be served within thirty (30) days of the date that this Order is served upon it.

Once the information is provided to the Court by the Nassau County Attorney's Office, Plaintiff's Complaint shall be deemed amended to reflect the full name of the unnamed Defendant, a Summons shall be issued as to this Defendant, and the USMS shall serve him. The Nassau County Attorney need not undertake to defend or indemnify this individual at this juncture. This Order merely provides a means by which Plaintiff may properly name and serve the unnamed Defendant as instructed by the Second Circuit in Valentin.

## CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed in forma pauperis is GRANTED, however the Complaint is sua sponte DISMISSED WITH PREJUDICE as against the Jail for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). Plaintiff's Section 1983 claims against Sheriff Fludd are

not plausible and are DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii); 1915A(b).

Plaintiff's claims against C.O. Holt, C.O. Carr, and C.O. Doe shall proceed and the Court ORDERS service of the Summonses and Complaint by the United States Marshal Service upon these Defendants forthwith. Because the unnamed Defendant cannot be served without more information, the Court ORDERS that the Clerk of the Court serve a copy of the Complaint together with this Order on the Nassau County Attorney. The Nassau County Attorney's Office is requested to attempt to ascertain the full name of the Defendant who is alleged to be employed by Nassau County and who is alleged to have interacted with Plaintiff as described in the Complaint. The Nassau County Attorney's Office shall provide the Court and Plaintiff the name and address where this individual can be served within thirty (30) days of the date that this Order is served upon it. Once the information is provided to the Court by the Nassau County Attorney's Office, Plaintiff's Complaint shall be deemed amended to reflect the full name of the unnamed Defendant, a Summons shall be issued as to this Defendant, and the USMS shall serve him.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-

45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mail a copy of this Order to Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
JOANNA SEYBERT, U.S.D.J.

Dated: July  18 , 2019
       Central Islip, New York